**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CHRISTOPHER GOULDEN, AS                            :
ADMINISTRATOR OF THE ESTATE OF JAYSON              :
NEGRON                                             :
                                                   :
        *Plaintiff*,                               :      Civil Action No: 3:20-cv-400
                                                   :
v.                                                 :
                                                   :      Jury Trial Demanded
JAMES BOULAY, ARMANDO PEREZ, & CITY                :
OF BRIDGEPORT                                      :      Mar. 25, 2020
        *Defendants*.                              :

## COMPLAINT

1.      Defendant police officer James Boulay needlessly shot and killed 15-year-old

Jayson Negron on May 9, 2017, at around 5pm, on Fairfield Avenue in downtown Bridgeport.

James Boulay's conduct was unreasonable, unlawful, and the result of a policy and custom in

the City of Bridgeport, where inadequately trained officers recklessly escalate traffic stops and

use excessive force that endangers lives, without discipline from the department.

**A.      Parties**

2.      Plaintiff Christopher Goulden is a citizen of Connecticut and administrator of the

Estate of Jayson Negron.

3.      During all times mentioned in this action, defendant James Boulay was a duly

appointed officer of the Bridgeport Police Department in Bridgeport, Connecticut and was

acting in his official capacity as a law enforcement officer. He is sued in his individual capacity.

4.      During all times mentioned in this action, defendant Armando Perez was chief of

police of the Bridgeport Police Department in Bridgeport, Connecticut, and was acting in his

official capacity as a policymaker for the City of Bridgeport and Bridgeport Police Department.
He is sued in his individual capacity.

5.      During all times mentioned in this action, the defendants were acting under color
of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules,
regulations, customs and usages of the State of Connecticut and the town of Bridgeport,
Connecticut.

6.      The defendant City of Bridgeport is a municipal corporation in the State of
Connecticut.

**B.      Jurisdiction**

7.      Because this action is brought pursuant to 42 U.S.C. § 1983, jurisdiction is
invoked pursuant to 28 U.S.C. § 1331 and is also invoked pursuant to 28 U.S.C. § 1367 for the
state law claims.

8.      Venue is proper in this Court by virtue of 28 U.S.C. § 1391 because the events
giving rise to the claims occurred in the District of Connecticut and at least one of the
defendants resides in the District of Connecticut.

**C.      Factual Allegations**

9.      On May 9, 2017, at approximately 5:02pm, James Boulay fired his department-
issued .45 caliber service weapon four times into the driver side of a 2012 Subaru Forester,
striking and fatally wounding Jayson Negron.

10.     Just moments previously, while Jayson Negron was boxed in by both westbound
traffic and by a Bridgeport police vehicle that had moved immediately behind the Forester, with
nowhere for Jayson Negron to go, James Boulay had shot at the driver's side rear tire of the
Forester to blow out the tire.

11.     By needlessly shooting at the tire with members of the public in the zone of danger, James Boulay's action was contrary to proper police training and clearly established law regarding the use of force.

12.     After shooting out the tire, James Boulay opened the driver's door of the Forester and attempted to grab hold of Jayson Negron.

13.     James Boulay then entered into a standing position, upright, with both hands on his service weapon, and shot Jayson Negron four times.

14.     At the time James Boulay shot Jayson Negron, Jayson Negron was unarmed.

15.     At the time of the shots, James Boulay was not in danger from anything Jayson Negron had done or could do. The Forester was stopped on Fairfield Avenue, with its rear end in contact with the front end of a marked Bridgeport police cruiser.

16.     At the time of the shots, James Boulay did not reasonably believe that his use of deadly force was necessary to affect any proper purpose.

17.     James Boulay's grossly negligent, reckless, and deliberately indifferent conduct was the foreseeable result of a policy and custom in the City of Bridgeport where police officers are inadequately trained and inadequately supervised regarding the use of force, and are inadequately disciplined for excessive force. At the time of the incident, James Boulay was inadequately trained for the use of force, resulting in his reckless escalation of the incident and his use of excessive force.

18.     Defendant police chief Armando Perez, as policymaker for the Bridgeport Police Department, ratifies and encourages the policy and custom of inadequate training, supervision, and discipline.

19.     Following an investigation by the State's Attorney into potential criminal conduct by James Boulay, Mr. Perez absolved James Boulay of any discipline for his conduct. At Mr. Perez's direction, no further investigation was conducted into the incident.

20.     As a result of the acts and omissions set forth above, Jayson Negron suffered the following:

       a)     antemortem pain, terror, anguish, and suffering;

       b)     fear of death;

       c)     death;

       d)     complete destruction of his ability to carry on and enjoy life's activities;

       e)     complete destruction of his earning capacity; and

       f)     funeral expenses.

21.     On August 24, 2017, the Bridgeport Probate Court appointed the plaintiff, Christopher Goulden, as administrator of the Estate of Jayson Negron.

22.     As a result of the injuries suffered by Jayson Negron, the Plaintiff, Christopher Goulden, as administrator of the Estate of Jayson Negron, is entitled to damages as follows:

       a)     loss of past and future earnings;

       b)     pain and suffering from physical injuries;

       c)     mental anguish;

       d)     funeral and burial expenses; and

       e)     punitive damages.

23.     On May 6, 2019, an agreement was entered between the plaintiff and defendants City of Bridgeport and James Boulay tolling the running of all potential statutes of limitations applicable to those defendants relating to this claim until May 8, 2020.

**First Claim: Unconstitutional Excessive Force by Defendant Boulay, pursuant to 42 U.S.C. § 1983**

24.     The allegations above are incorporated as if included fully here. The conduct of James Boulay that proximately caused Jayson Negron's damages described above violated the plaintiff's clearly established right to be free from excessive force protected by the United States Constitution. Defendant James Boulay is therefore liable to the plaintiff for the unlawful injuries he suffered as a result.

**Second Claim: <u>Monell</u> Claim against City of Bridgeport and Armando Perez, pursuant to 42 U.S.C. § 1983**

25.     The allegations above are incorporated as if included fully here. The injuries inflicted by the excessive force described above were inflicted, at least in part, because of the City of Bridgeport and Armando Perez's policy or custom of failing to adequately train, supervise, or discipline its officers. Defendant City of Bridgeport and Armando Perez are therefore liable to the plaintiff for the unlawful injuries he suffered as a result.

**Third Claim: Municipal Liability against City of Bridgeport, pursuant to Connecticut State Law**

26.     The allegations above are incorporated as if included fully here. At all times relevant to this action, James Boulay was an employee, agent, apparent agent, or servant of the defendant City of Bridgeport, acting in the performance of his duties and within the scope of his employment, with all the duties, responsibilities, and privileges accorded thereto.

27.     The conduct of James Boulay described in this complaint was negligent, and the negligent acts of the defendant violated ministerial duties to the plaintiff, violation of which are not immune from governmental liability pursuant to Connecticut General Statutes § 52-557n(a)(1)(A). Specifically, James Boulay violated ministerial duties not to engage in a high-

risk chase on foot without back-up, not to shoot out the tire of a car in a crowded area, and not

to shoot an unarmed suspect who fails to pose an imminent danger.

28.     As a proximate and foreseeable result of the defendant's negligence described

above, the plaintiff suffered unlawful injuries. James Boulay's negligent conduct was a

substantial contributing factor to the plaintiff's injuries.

29.     The defendant, City of Bridgeport, is liable for damages to Plaintiff pursuant to

Connecticut General Statutes § 52-557n(a)(1)(A) for the negligent acts of James Boulay, who

was acting within the scope of his employment and official duties.

**Fourth Claim: Negligence by Defendant James Boulay, pursuant to Connecticut State Law**

30.     The allegations above are incorporated as if included fully here. James Boulay, at

the time of the above-described incident, owed Jayson Negron a duty of reasonable care. James

Boulay negligently failed to exercise reasonable care, being that degree that a reasonably careful

law enforcement officer would use under like circumstances, in handling his firearm.

31.     As a result of the negligent handling of his firearm, James Boulay breached his

duty of care, and that breach caused the plaintiff's injuries. As a result, James Boulay is liable to

the plaintiff in negligence, and the plaintiff is entitled to the damages described in this

complaint.

**Fifth Claim: Recklessness by Defendant James Boulay, pursuant to Connecticut State Law**

32.     The allegations above are incorporated as if included fully here. James Boulay

acted in a deliberate and reckless manner and with knowledge that his actions would involve

serious danger to others when he, contrary to proper police procedure and protocol regarding the

use of force, approached Jayson Negron's vehicle with his gun drawn and attempted to shoot

the driver's side tire in the presence of members of the public.

33.     James Boulay acted in a deliberate and reckless manner and with knowledge that it would involve serious danger to others when he entered into a combat shooting position and discharged his weapon four times, shooting and killing Jayson Negron.

34.     In discharging his firearm, James Boulay acted willfully, deliberately, or with reckless disregard of the rights and safety of Jayson Negron and others, increasing the probability of serious injury or death.

35.     James Boulay engaged in the highly unreasonable conduct described above, involving an extreme departure from ordinary care, which was the proximate cause of Jayson Negron's death. As a result, he is liable to the plaintiff for the damages set forth in this complaint and punitive damages under the common law.

**Sixth Claim: Assault and Battery by Defendant James Boulay, pursuant to Connecticut State Law**

36.     The allegations above are incorporated as if included fully here.  The conduct described above constituted assault and battery committed by James Boulay under Connecticut State Law. As a result, James Boulay is liable to the plaintiff for assault and battery, and the plaintiff is entitled to damages.

**Seventh Claim: Indemnity as to the Defendant, City of Bridgeport, under Connecticut State Law**

37.     The allegations above are incorporated as if included fully here. Pursuant to Connecticut General Statutes § 7-465 and a statement filed by the City of Bridgeport at the commencement of this case, the Defendant, City of Bridgeport, shall pay all sums which Defendant James Boulay becomes obligated to pay by reason of liability imposed upon him in this case.

**D. Prayer for Relief**

WHEREFORE, the plaintiff respectfully requests the following relief:

A.  Declaratory judgment that the defendants' conduct described above violated the

    plaintiff's rights under the Constitution of the United States as guaranteed by 42 U.S.C.

    § 1983;

B.  Compensatory damages from each defendant;

C.  Punitive damages from each defendant;

D.  Attorney's fees pursuant to 42 U.S.C. § 1988;

E.  Costs; and

F.  Such other and further relief as the Court may deem proper.

                             Respectfully Submitted,

                             THE PLAINTIFF


                             By_____/s/_____
                             Alexander T. Taubes ct30100
                             470 James Street, Suite 007
                             New Haven, CT 06513
                             (203) 909-0048
                             alextt@gmail.com