UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER GOULDEN, as ADMINISTRATOR OF THE ESTATE OF JAYSON NEGRON | : <br> : <br> : Civil Action No.: <br> : 3:20cv400 (JBA) |
| VS. | : <br> : |
| JAMES BOULAY, et al. | : MAY 12, 2020 |

**DEFENDANT, JAMES BOULAY'S,
ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

1. The allegations in paragraph 1 are denied.

**A. Parties**

2. With respect to paragraph 2, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

3. The allegations in paragraph 3 are admitted.

4. With respect to paragraph 4, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

5. The allegations in paragraph 5 are admitted.

6. The allegations in paragraph 6 are admitted.

**B. Jurisdiction**

7. With respect to paragraph 7, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

8. The allegations in paragraph 8 are admitted.

**C. Factual Allegations**

9. With respect to paragraph 9, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

10. With respect to paragraph 10, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

11. With respect to paragraph 11, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

12. With respect to paragraph 12, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

13. With respect to paragraph 13, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

14. With respect to paragraph 14, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

15. With respect to paragraph 15, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

16. With respect to paragraph 16, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

17. The allegations in paragraph 17 are denied.

18. With respect to paragraph 18, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

19. With respect to paragraph 19, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

20. With respect to paragraph 20, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

21. With respect to paragraph 21, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

22. With respect to paragraph 22, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

23. With respect to paragraph 23, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

**First Claim**

24. The replies to paragraphs 1 through 23 are hereby incorporated as the replies to paragraphs 1 through 23 of the First Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 24 they are denied.

**Second Claim**

25. The replies to paragraphs 1 through 24 are hereby incorporated as the replies to paragraphs 1 through 24 of the Second Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 25, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

**Third Claim**

26. The replies to paragraphs 1 through 25 are hereby incorporated as the replies to paragraphs 1 through 25 of the Third Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 26, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

**Fourth Claim**

30. The replies to paragraphs 1 through 29 are hereby incorporated as the replies to paragraphs 1 through 29 of the Fourth Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 30, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

31. The allegations in paragraph 31 are denied.

**Fifth Claim**

32. The replies to paragraphs 1 through 31 are hereby incorporated as the replies to paragraphs 1 through 31 of the Fifth Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 32, they are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are denied.

**Sixth Claim**

36. The replies to paragraphs 1 through 35 are hereby incorporated as the replies to paragraphs 1 through 35 of the Sixth Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 36, they are denied.

**Seventh Claim**

37. The replies to paragraphs 1 through 36 are hereby incorporated as the replies to paragraphs 1 through 36 of the Seventh Claim as though fully restated and set forth herein; as to the remaining allegations in paragraph 37, the defendant does not have sufficient information or knowledge upon which to form a belief and, therefore, leaves the plaintiff to his proof.

## FIRST AFFIRMATIVE DEFENSE

The acts and conduct of the defendant Boulay was objectively reasonable under the circumstances. Accordingly, the defendant Boulay is entitled to qualified immunity for liability.

## SECOND AFFIRMATIVE DEFENSE

The acts and conduct complained of by the plaintiff occurred within the scope of the Defendant Boulay's official duties as a police officer and did not violate any clearly established constitutional or federal statutory right of which the defendant reasonably should have been aware. Accordingly, the defendant Boulay is entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 52-557n, or the common law, the defendant is entitled to governmental immunity in that his actions were performed in good faith, without malice, and in the discretionary performance of governmental duties.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 52-557h, to the extent the plaintiff was injured, the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint, in that:

  a.  he failed to act as a reasonable, prudent person under the circumstances;

  b.  he failed to comply with the lawful commands of officers on scene;

  c.  he actively interfered with the investigation conducted by officers on scene; and

  d.  he physically resisted arrest.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Section 53a-22 of the Connecticut General Statutes, any use of force at issue was justified under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of Boulay, to the extent they occurred as alleged, were justified as the decedent, Negron, used physical force to resist arrest by Boulay, a reasonably identified peace officer, in violation of Section 53a-23 of the Connecticut General Statutes.

## JURY TRIAL DEMAND

The Defendant demands a trial by jury on all claims.

THE DEFENDANT
OFFICER JAMES BOULAY

By:_____
Richard J. Buturla
Berchem, Moses P. C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Federal Bar No. ct05967
rbuturla@berchemmoses.com

## CERTIFICATION

I hereby certify that on May 12, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Richard J. Buturla