UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER GOULDEN, AS             :        CIV. NO.3:20CV400(JBA)
ADMINISTRATOR OF THE ESTATE OF      :
JAYSON NEGRON,                      :
    Plaintiff,                      :
                                    :
vs.                                 :
                                    :
JAMES BOULAY, ARMANDO PEREZ &       :
CITY OF BRIDGEPORT,                 :        MAY 26, 2020
    Defendants.

## DEFENDANTS ARMANDO PEREZ AND CITY OF BRIDGEPORT'S ANSWER AND AFFIRMATIVE DEFENSES

**A.    Parties**

    1.    The allegations in paragraph 1 are denied.

    2.    With respect to paragraph 2, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

    3.    The allegations in paragraph 3 are admitted.

    4.    With respect to paragraph 4, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

    5.    The allegations in paragraph 5 are admitted.

    6.    The allegations in paragraph 6 are admitted.

**B.    Jurisdiction**

    7.    With respect to paragraph 7, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

    8.    The allegations in paragraph 8 are admitted.

### C.     Factual Allegations

9.      With respect to paragraph 9, the defendants do not have sufficient infomation or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

10.     With respect to paragraph 10, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

11.     The allegations in paragraph 11 are denied.

12.     With respect to paragraph 12, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

13.     With respect to paragraph 13, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

14.     With respect to paragraph 14, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

15.     With respect to paragraph 15, the defendants do not have sufficient information or knowledge upon which to form a belief and, therefore, leave the plaintiff to his proof.

16.     With respect to paragraph 16, the defendants do not have sufficient

information or knowledge upon which to form a belief and, therefore, leave the plaintiff to

his proof.

17.     The allegations in paragraph 17 are denied.

18.     With respect to paragraph 18, the defendants do not have sufficient

information or knowledge upon which to form a belief and, therefore, leave the plaintiff to

his proof.

19.     With respect to paragraph 19, the defendants do not have sufficient

information or knowledge upon which to form a belief and, therefore, leave the plaintiff to

his proof.

20.     The allegations of paragraph 20 are denied.

21.     With respect to paragraph 21, the defendants do not have sufficient

information or knowledge upon which to form a belief and, therefore, leave the plaintiff to

his proof.

22.     The allegations of paragraph 22 are denied.

23.     With respect to paragraph 23, the defendants do not have sufficient

information or knowledge upon which to form a belief and, therefore, leave the plaintiff to

his proof.

**First Claim**

24.     The replies to paragraphs 1 through 23 are hereby incorporated as the replies

to paragraphs 1 through 23 of the First Claim as though fully restated and set forth herein;

as to the remaining allegations in paragraph 24 they are denied.

**Second Claim**

25.    The replies to paragraphs 1 through 24 are hereby incorporated as the replies

to paragraphs 1 through 24 of the Second Claim as though fully restated and set forth

herein; as to  the remaining allegations in paragraph 25, they are denied.

**Third Claim**

26.    The replies to paragraphs 1 through 25 are hereby incorporated as the replies

to paragraphs 1 through 25 of the Third Claim as though fully restated and set forth herein;

as to the remaining allegations in paragraph 26, they are denied.

27.    The allegations in paragraph 27 are denied.

28.    The allegations in paragraph 28 are denied.

29.    The allegations in paragraph 29 are denied.

**Fourth Claim**

30.    The replies to paragraphs 1 through 29 are hereby incorporated as the replies to

paragraphs 1 through 29 of the Fourth Claim as though fully restated and set forth herein; as to

the remaining allegations in paragraph 30, they are denied.

31.    The allegations in paragraph 31 are denied.

**Fifth Claim**

32.    The replies to paragraphs 1 through 31 are hereby incorporated as the replies to

paragraphs 1 through 31 of the Fifth Claim as though fully restated and set forth herein; as to the

remaining allegations in paragraph 32, they are denied.

33.     The allegations in paragraph 33 are denied.

34.     The allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

**Sixth Claim**

36.     The replies to paragraphs 1 through 35 are hereby incorporated as the replies to

paragraphs 1 through 35 of the Sixth Claim as though fully restated and set forth herein; as to the

remaining allegations in paragraph 36, they are denied.

**Seventh Claim**

37.     The replies to paragraphs 1 through 36 are hereby incorporated as the replies to

paragraphs 1 through 36 of the Seventh Claim as though fully restated and set forth herein; as to

the remaining allegations in paragraph 37, they are denied.

## FIRST AFFIRMATIVE DEFENSE

The acts and conduct of defendant Armando Perez was objectively reasonable

under the circumstances. Accordingly, he is entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

The acts and conduct complained of by the plaintiff occurred within the scope of

the Armando Perez's official duties as Chief of Police and did not violate any clearly

established constitutional or federal statutory right of which he reasonably should have

been aware. Accordingly, he is entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 52-557n, or the common law, the defendants are entitled to governmental immunity in that their actions were performed in good faith, without malice, and in the discretionary performance of governmental duties.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes§ 52-572h, if the plaintiff suffered the injuries and losses as alleged in his complaint, it was as a result of his own negligence and carelessness which was a substantial factor in causing such injuries and losses. The plaintiff was careless and negligent in one or more of the following respects:

    a.    he failed to act as a reasonable, prudent person under the  circumstances;

    b.    he failed to bring his vehicle to a stop despite being signaled to do so by officers on scene who were in uniform and in marked police vehicles in violation of Section 14-223 of the Connecticut General Statutes;

    c.    he failed to comply with the lawful commands of officers on scene;

    d.    he actively interfered with the investigation conducted by officers on scene; and

    e.    he physically resisted arrest.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Section 53a-22 of the Connecticut General Statutes, any use of force at issue was justified under the circumstances.

## JURY TRIAL DEMAND

The defendants demand a trial by jury on all claims.

DEFENDANTS, ARMANDO PEREZ AND
CITY OF BRIDGEPORT

BY/ss/ James N. Tallberg___
    James N. Tallberg
    Federal Bar No.: ct17849
    Karsten & Tallberg, LLC
    500 Enterprise Dr., Suite 4B
    Rocky Hill, CT 06067
    T: (860)233-5600
    F: (860)233-5800
    jtallberg@kt-lawfirm.com

## **CERTIFICATION**

I hereby certify that on May 26, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/ss/ James N. Tallberg____
James N. Tallberg